UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

AMOS STILTNER,

    Plaintiff,

v.

B.D. WILSON, Judge Executive, *et al.*,

    Defendants.

Civil Action No. 5:18-cv-444-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Amos Stiltner is a state prisoner at the Northpoint Training Center in Boyle County, Kentucky. Proceeding without an attorney, Stiltner has filed a complaint under 42 U.S.C. § 1983 against a variety of state defendants including the Commissioner of the Kentucky Department of Corrections, the former Montgomery County Judge Executive, the former Montgomery County Jailer, and several Kentucky State Police officers. [*See* R. 1.] Stiltner has also filed a motion to proceed *in forma pauperis*, a motion for the appointment of counsel, and interrogatories to be served upon the defendants. [R. 2; R. 4; R. 7.] Because Stiltner seeks relief from governmental entities, his complaint is subject to a preliminary screening by the Court. *See* 28 U.S.C. § 1915A. And because Stiltner's complaint fails to state a claim upon which relief may be granted, the complaint must be dismissed. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Stiltner is currently serving a lengthy sentence for conspiracy to commit murder. According to Stiltner's complaint, he was formerly imprisoned in the Montgomery County Jail and, while there, was "the victim of an illegal electronic surveillance" and was also "coerced" into the scheme to commit murder for which he is now incarcerated. [R. 1 at 3-4.] Although Stiltner

seemingly admits his participation in the conspiracy—he states that "[his] only fault in this deal is that [he] thought [he] could make some quick money from people who were basically criminals themselves," [*see id.* at 4]—Stiltner maintains the defendants allowed him "to be put in a position of entrapment." [*Id.* at 3.] Stiltner seeks injunctive relief and monetary damages from the defendants "for the illegal process used to secure a conviction" against him. [*Id.* at 5.]

For a variety of reasons, Stiltner's complaint fails to state a claim upon which relief may be granted. First, the complaint fails to clearly articulate which constitutional rights Stiltner believes were violated. While the Court generally construes *pro se* pleadings liberally, *see, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court has no authority to create arguments or set forth claims that Stiltner has not himself articulated. *See Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003). To the extent the complaint may be construed as raising a Fourth Amendment claim by way of the alleged "illegal electronic surveillance" [*see* R. 1 at 6-8 (citing Fourth Amendment law)], such an allegation would not be cognizable in this proceeding.

Under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and its progeny, Stiltner is barred from bringing a civil rights case that would necessarily challenge the validity of his underlying conviction or sentence unless that conviction has already been overturned. The remedy for Stiltner's alleged Fourth Amendment violation would not be § 1983 relief but rather an exclusion argument in the underlying criminal action. *See United States v. Fisher*, 745 F.3d 200, 203 (6th Cir. 2014) ("Evidence that has been obtained in violation of the Fourth Amendment may be subject to exclusion at trial."); *Chapman v. Lawson*, 89 F. Supp. 3d 959, 964 (S.D. Ohio 2015). A Fourth Amendment claim based on "illegal electronic surveillance" would call into question the validity of Stiltner's conspiracy conviction and is therefore barred by *Heck*. The same rationale holds true for Stiltner's allegations of "entrapment" or coercion. [*See* R. 1 at 3-4.] Entrapment is a defense

in a criminal proceeding. *See, e.g.*, *Mathews v. United States*, 485 U.S. 58 (1988); *U.S. v. Barger*, 931 F.2d 359, 365-67 (6th Cir. 1991). Stiltner may not independently recover damages for a conviction allegedly based on coercion or entrapment where that conviction has not been reversed or otherwise invalidated. *See Heck*, 512 U.S. at 486-87.

In addition, the Court notes that Stiltner's complaint is concerned with events that occurred almost eighteen years ago. [*See* R. 1 at 3.] Thus, it appears from the face of the complaint that Stiltner's claims would, in any event, be barred by the statute of limitations. *See Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990) (explaining a one year statute of limitations applies to § 1983 claims arising out of Kentucky); *Bonner v. Perry*, 564 F.3d 424, 430-31 (6th Cir. 2009) (same).

For these reasons, Stiltner's complaint fails to set forth a claim upon which relief may be granted, and the complaint must be dismissed pursuant to 28 U.S.C. § 1915A(b). Accordingly, it is hereby **ORDERED** as follows:

1. Stiltner's complaint [R. 1] is **DISMISSED**;

2. All pending motions [R. 2; R. 4] are **DENIED**, as moot; and

3. This matter is **STRICKEN** from the Court's active docket.

Dated August 3, 2018.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY